## J. DONAHOE *v*. THE STATE.

1. PRACTICE — EVIDENCE.— The Code of Procedure, article 661, is mandatory in requiring that testimony necessary to the due administration of justice shall be admitted at any time before the argument is concluded. The provision contemplates that the parties had closed their evidence, and therefore the fact that the defendant had announced that he had none to introduce does not estop him from the benefit of the provision.

2. SAME.— Note a state of proof in a trial for theft in view of which it was error to exclude testimony offered by the defendant after he had announced that he had no evidence to offer.

Appeal from the District Court of McMullen. Tried below before the Hon. D. P. Marr.

The conviction was for cattle-theft, and a term of two years in the penitentiary was the punishment assessed against the appellant.

The indictment alleged the animal to be the property of Joseph Walker, who, as a witness for the State, testified that in 1879 he had the sole control and management of some cattle belonging to his minor sons. He described the cattle by their brands, which were of record in McMullen county. He missed some of the cattle from their usual range, and had never authorized the defendant or J. M. Campbell to take or use any of them. Having heard that the hides of some cattle with the said brands on them had been sent off to market by the defendant, witness told him he had heard that he, defendant, had been killing the cattle, and if so he must pay for them. Defendant did not say whether he had or had not killed any of them, but said he would see the old man about paying for them, and would then come and see the witness about the matter. But the defendant never came or paid. By the "old man," witness understood the defendant to mean his employer, J. M. Campbell.

A. Lampkin, for the State, testified that in 1879 he and defendant lived on J. M. Campbell's ranche in McMullen county. Witness was a freighter to San Antonio, and the defendant a hired hand of Campbell. About January 15, 1879, the defendant said he had some hides he wanted witness to take to San Antonio and sell for him, and with their proceeds to buy some meal and other things for him. He said the hides were at Campbell's wool-house, and that Campbell would give a bill of sale for witness to deliver to the purchaser in San Antonio. Witness saw Campbell about the bill of sale, and the latter said he would fix it in town. Witness got the hides, ten in num-

ber, where defendant said they were, and then and there took down in his memorandum-book the brand on each one of them. Three of the hides carried the brands described by the witness Walker. Witness took the hides to San Antonio and sold them there, giving a bill of sale in defendant's name. With the proceeds he bought the articles the defendant directed, and settled his own freightage, and when he went back home he and the defendant had a settlement. When witness ascertained that Walker claimed the brands on three of the hides, he told Walker about the sale of them in San Antonio for the defendant. The day before the defendant spoke to witness about the hides, Campbell told witness that defendant had some hides for witness to take to San Antonio, and when witness got the hides at the wool-house Campbell was present and pointed them out. The defendant was not present.

Two other witnesses for the State testified that they were present when Lampkin got the hides, and saw him take down the brands upon them. One of these witnesses stated that Campbell delivered the hides to Lampkin.

The defense announced that they had no evidence to offer, and at this stage of the case the court took a recess for dinner. After the recess and before the argument began, J. M. Campbell was offered as a witness for the defense, but the court excluded him on grounds disclosed and discussed in the opinion of this court.

*T. S.* and *O. Archer*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   John Donahoe was convicted of the theft of cattle, the property of Joseph Walker.

From a bill of exceptions number one, we learn "that on the trial of this cause the case was called for trial at the morning session of the court, when both the State

and defendant announced ready for trial, and the trial proceeded until the hour to adjourn for dinner, when the State closed and the defendant's counsel announced they had no evidence to offer for the defense; that when the court met in the afternoon defendant's counsel offered to introduce J. M. Campbell, who was present in court, the owner of the ranche upon which defendant lived, and proposed to prove by said witness that the hides taken from his place by the witness Lampkin, and sold by said witness in San Antonio, were, at the time they were taken away by Lampkin, in the possession and control of the witness J. M. Campbell, and that he, Campbell, received the money for said hides after they had been sold by the witness Lampkin in San Antonio; to the introduction of which testimony the counsel for the State objected upon the ground that the evidence in the case had been closed before dinner; which objection of the district attorney was sustained by the court and the proposed witness J. M. Campbell was not permitted to testify."

The judge appends the following explanation: "I sign the above with the qualification that defendant's counsel did not except to the refusal of the court to permit the witness Campbell to testify, but I presume they intended to have done so. When the court took the recess for dinner, he told defendant's counsel if they had any testimony to introduce it then; they stated they had none; the court then stated that only argument would be heard after dinner. At this time the proposed witness Campbell was in court, as he had been nearly all the morning during the trial, prompting defendant and his counsel. The defendant had been under arrest for several terms past, and lives with this witness, and one of his counsel, Mr. Hill, has been in the case for several terms. When this witness was offered, counsel stated that he could prove by the witness that witness and not defendant had

possession of the hides when received by Lampkin, and that the witness received the pay or part of it from the sale of the hides. In view of all these facts, the court did not allow the witness to testify after dinner."

This evidence was objected to by the district attorney because "the evidence in the case had been closed before dinner," — not because it was immaterial and did not tend to elucidate the issue in the case. There was no other ground urged by the district attorney to the admission of the evidence. The judge, however, in his explanation based his action upon the facts "that defendant had before dinner announced that he had no evidence to introduce; that he had been under arrest for several terms, and lives with the witness, and one of his counsel, Mr. Hill, has been in the case for several terms."

Under article 661, Code Crim. Procedure, if it appears that it is necessary to the due administration of justice, the court "*shall*" *allow* testimony to be introduced at any time before the argument of a cause is concluded. The proposed evidence is clearly material, and very important to the defense. Due administration of justice would require its admission, unless upon some other ground than its materiality it should have been rejected.

The only objection urged by the district attorney was that the evidence had closed. This was no objection whatever, — the article providing for this very contingency. That the counsel for the defendant believed and announced that the defendant had no evidence certainly was not a good objection. How often do the most learned and vigilant attorneys discover, after the cause is tried, the importance of certain evidence, though the facts may have been known to them all the while. Facts become important and figure materially in a case because of other facts in the record, and the conclusions which may be drawn from them. The whole bearing of all of the evidence in a case cannot always be compre-

hended at first view. That the defendant lived with the witness, and the witness was present aiding defendant in his defense, only tends to show that defendant knew of the facts proposed to be put in evidence. Certainly be-- cause defendant knew of this evidence, it would be a violent presumption to conclude that he knew of its materiality and importance.

We are of the opinion that the evidence should have been admitted, especially in a case like the one in hand, in which the inculpatory facts are· so meager and uncer- tain in their tendency. For the error above indicated the judgment is reversed and the case remanded.

*Reversed and remanded.*